IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARC EDWARD LEMEUR                                          PLAINTIFF

        v.              Civil No. 09-cv-5259

CHARLIE DANIELS ET AL.                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Marc Edward LeMeur, filed this case on November 17, 2009. He proceeds *pro se*. The case is before the Court for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### Background

The complaint in this case  is entitled a "contractual complaint." The Defendants are Charlie Daniels, Arkansas' Secretary of State, Dustin McDaniel, Attorney General of the State of Arkansas, and Judge Brad Karren, District Court of Benton County, Arkansas - Rogers Division.

Plaintiff alleges that on or about May 22, 2009, he did a "bankers acceptance for honor and value of all charging instruments" on his own behalf. He asserts he filed the following contracts: Common Law Copyright Notice; Private Security Agreement; Hold Harmless and Indemnity Agreement; Power of Attorney; and a Uniform Commercial Code-1 financial statement." Plaintiff alleges these documents were filed with the Uniform Commercial Code, and the

-1-

AO72A

Secretary of State and that a "Conditional Acceptance for Value, Memorandum in Support and An Opportunity to Cure" was filed for record with the Rogers District Court PD, Rogers Division.

On May 26, 2009, Plaintiff alleges "Defendant Brad Karren did cause a fraud by refusing to do the wire transfer of the Plaintiff's bankers acceptance." At that time, Plaintiff alleges Judge Karren and his employees along with the Benton County Sheriff's Office, among other things, kidnaped and assaulted him.

Booking records indicate May 26, 2009, was the day Plaintiff was booked into the Benton County Detention Center. He was charged with failure to appear, non-support, and three counts of contempt.

As relief, Plaintiff asks that disbarment and criminal proceedings be brought against Judge Karren. He asks that he be granted "all assets and action in accordance to the guidelines set forth by all of the Plaintiff's contracts and affidavits . . .." He asks to be fully compensated. Finally, he asks that he be immediately released from the Benton County Detention Center.

## Discussion

This case is subject to dismissal. The claims presented in the complaint are clearly meritless. *See Neitzke v. Williams*, 490 U.S. 319, 329(1989)(legal theories are frivolous when they are indisputably meritless). A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Second, Judge Karren is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11(1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57(1978).

Finally, Charlie Daniels and Dustin McDaniel are not subject to suit. A suit against an individual in his official capacity is the equivalent of a suit against the government entity who employs him. *Bankhead v. Knickrehm*, 360 F.3d 839 (8th Cir. 2004)("Suits against public employees in their official capacity are the legal equivalent of suits against the governmental entity itself."). Both the Secretary of State and the Attorney General are elected officials of the State of Arkansas. *See e.g.*, ARK. CODE ANN. § 7-5-705 (2007). A suit against an elected official is the equivalent of a suit against the State of Arkansas. The Eleventh Amendment bars a Plaintiff from using a lawsuit in federal court to get money damages for wrongful conduct of state officials. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## Conclusion

I therefore recommend Plaintiff's claims be dismissed because the claims are frivolous, fail to state claims upon which relief may be granted or are against individuals who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(IFP action, or any portion thereof, may be

AO72A

dismissed if it fails to state a claim or seeks relief against a party who is immune from suit).

The dismissal of this case will count as a strike for purposes of 28 U.S.C. § 1915(g).  The clerk should be directed to place a § 1915(g) strike flag on this case. The Court further notes that despite the dismissal of the case, Plaintiff remains liable for the full filing fee under the provisions of the Prison Litigation Reform Act (PLRA).  *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under the PLRA, prisoners are responsible for filing fees the moment a civil action is filed).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of July 2010.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-4-

AO72A